Edward Leon **WILLIAMS**, Appellant,

v.

Robert R. **RAINES**, Warden, Oklahoma State Penitentiary, Appellee.

No. 6351.

United States Court of Appeals
Tenth Circuit.

March 30, 1960.

Certiorari Denied June 13, 1960.
See 80 S.Ct. 1257.

* Sitting by designation.

Whit Pate, Oklahoma City, Okl., for appellant.

Sam H. Lattimore, Asst. Atty. Gen., State of Oklahoma, for appellee.

Before PICKETT and BREITEN-STEIN, Circuit Judges, and KERR, District Judge.

PER CURIAM.

This is an appeal from a judgment denying an application for writ of habeas corpus. On Williams' plea of guilty to the charge of kidnapping he was sentenced to death by an Oklahoma trial court and that sentence is to be executed on April 4, 1960. The facts in this case are fully set out in the opinion of the United States Supreme Court in Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516, affirming Williams v. State, Okl.Cr., 321 P.2d 990, and need not be here repeated.

An application for writ of habeas corpus to the Oklahoma Court of Criminal Appeals was denied,[1] and the United States Supreme Court denied certiorari on February 23, 1960.

Williams urges that he was denied due process of law in violation of the Fourteenth Amendment in that he did not have adequate representation by counsel and that he was misled by pre-arraignment statements of the sentencing court to his counsel from which he inferred that capital punishment would not be imposed.

The court has examined the aforementioned decisions and the record of the proceedings before the United States District Court. From such examination it appears that the issues now presented have been decided contrary to the appellant. In Williams v. State of Oklahoma, supra, 358 U.S. at pages 578–579, footnote 3, 79 S.Ct. at page 423, the United States Supreme Court set out the essential portions of the arraignment proceedings at which the plea of guilty was entered. These show that the plea of guilty was entered freely and voluntarily with full information as to the sentence which might be imposed and that there had been no representation by counsel or anyone else as to the sentence which might be expected upon a plea of guilty. The record further discloses that the appellant at all times has had adequate and effective representation by counsel. Indeed, it appears that at the conclusion of the argument before the United States Supreme Court in this case appellant's counsel was publicly commended. In the United States District Court and in this court appellant has had the benefit of able counsel. The fate which awaits ap-

1. In re Williams, Okl.Cr., 341 P.2d 652.

**152**

pellant is one of his own making and he cannot now lay the blame upon any of his lawyers.

We find no denial of due process and, accordingly, affirm the judgment.